Ríos ET AL., PLAINTIFFS AND APPELLANTS, *v.* AMORÓS ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Ponce in an Action for Nullity of Contract.

No. 1938.—Decided July 31, 1919.

CONTRACT—CONSIDERATION—BURDEN OF PROOF.—When a notarial deed exists the evidence must be strong to overcome the recital therein of a consideration, for the court must have before it a legal certainty that such consideration did not exist; but supposing that the consideration mentioned in the deed was false, if at the trial a different and licit consideration is shown, this will be sufficient to establish the validity of the contract, in accordance with section 1243 of the Civil Code; aside from the fact that the burden of proof rests on him who alleges lack of consideration.

ID.—ID.—EVIDENCE.—The lower court did not err in refusing to admit in evidence a letter written by the notary before whom the deed was executed in Spain tending to show that the contract contained in said deed was simulated.

ID.—ID.—ID.—A letter written by the vendor of the properties, the ancestor of the plaintiffs, tending to prove the validity of such sale, was admissible in evidence, it being an admission against himself.

The facts are stated in the opinion.

*Messrs. J. Tous Soto* and *J. A. Poventud* for the appellants.

*Messrs. López de Tord & Zayas Pizarro* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

Appellants, who are the heirs of Manuel Rosaly y Castillo, brought suit to declare the nullity or inexistence of a deed alleged by their opponents to have been made with the principal defendant, Magdalena Amorós. In support of their action at the trial appellants offered evidence tending to show that the alleged deed was without consideration and hence inexistent. The details of proof tending to show this, from the standpoint of appellants, were that Magdalena Amorós was poor, so poor that she was compelled to be the mistress of the grantor, who was married; that before the date of the supposed deed and for three years thereafter, or until the death of Manuel, the said Magdalena Amorós was his mistress, living in Barcelona, Spain, and was supported by him; that her parents were taken up by him and that they acted as servants in the house where Manuel and Magdalena lived, and that she herself served visitors at the house; that in this particular deed and in others made in consequence thereof the said Magdalena Amorós was given the rank or station, for purposes of taxation, as of a person of the eleventh grade, signifying extreme poverty; that the properties supposed to be conveyed never entered actually into the possession of the said Magdalena Amorós and that she never claimed the rents thereof until after the death of Manuel; that the possession of the property before and after the deed was in Manuel or in his family; that the said Magdalena never took the stand in her own behalf, thus creating a presumption against herself.

As to the possession of the land, it is well known that in

Porto Rico, as in Spain, no actual delivery of the land is necessary, the deed itself importing the possession, similarly to the fact that in the United States a seal imports a consideration. Hence the cases, like *Hamilton* v. *Russell,* 1 Cranch (U. S.), 399, relating to simulation of transactions for lack of possession, have no application.

Neither has the failure to testify of Magdalena Amorós much bearing. She was not in the country, as the evidence tends to show, hence her evidence was not suppressed. In the case of *Fajardo* v. *Tió,* 17 P. R. R. 230, there was strong evidence to show the existence of individual facts whose ultimate tendency was to prove the complainant a natural child, and all the facts, if untrue, were susceptible of disproof and denial by the defendant father. It has never been said that a defendant, at the peril of having the issue decided against him, must take the stand. The appellants do not point out which individual facts it was in her power to deny. They insist on their conclusion. It seems probable that on advice she did not care to deny that she had been poor or that she or her parents served Manuel. No duty devolved upon her to testify that the deed was in fact simulated or false. The burden of that proof rested on appellants.

The complainant's testimony also showed that Magdalena Amorós had a child as a result of living together with Manuel Rosaly. The deed was offered in evidence by defendants and they presented a little more proof.

The court below found the proof insufficient to declare the inexistence of the deed. Where a notarial deed is made the proof must be strong to overcome the recital of a consideration. The evidence here at best tends to show a possibility or even a probability that, independently of Manuel, Magdalena Amorós could not have raised $21,000, which is the amount recited in the deed. To destroy a notarial deed, however, the court must have something more, namely, a legal certainty. Manuel could have presented Magdalena

Amorós with the amount recited in the deed, or she could have won the same in the lottery. There is no pretence, as we understand it, that the amount of the deed was not well within the one-third of free disposition that belonged to Manuel, or that this conveyance, if a gratuity, deprived the heirs of their legitimate portions. Furthermore, the testimony of the principal witness, Rafael Quiñones, probably did not commend itself to the court below, and it does not to us.

Let us suppose, however, that the consideration recited in the deed was not true.

The complainants themselves proved that Magdalena Amorós was rendering personal services to Manuel Rosaly and to his natural child. The appellees cite in addition a case from the Supreme Court of Spain to show that an act of mere beneficence will support a contract, as indicated by section 1241 of the Civil Code, 69 *Juris. Civ.* 341. Hence the conveyance could be supported by considerations shown at the trial, and fulfil the conditions required by section 1243 of the Civil Code despite the provisions of section 1242. The case in this regard presented some analogy to *Morales* v. *Dessús, ante,* p. 482.

The cases decided by this court, *Rosado* v. *Rosado,* 17 P. R. R. 447; *Latorre* v. *Torres,* 24 P. R. R. 800, and *Martínez* v. *Cerezo,* 25 P. R. R. 659, either involved an element of fraud or the parties to the supposed contract had clearly intended that it should be ineffective. The complainants here attempted to show the existence of a counter-deed destroying the existing one, but the proof was most unsatisfactory.

While the recital of a consideration, as shown in the said decisions, constitutes no estoppel preventing supposed parties from showing that there was no such consideration, nevertheless, we question, without deciding, whether a man who with full intention makes a conveyance, as here, is not

estopped from going contrary to his act, even if the lack of consideration is shown; and likewise, of course, his heirs.

In any event the burden or duty of showing a lack of consideration was not discharged by the complainants.

The first assignment of error relates to the refusal of the court to admit a letter from the officiating notary in Spain, not present as a witness, to the effect that the deed was simulated. We think the alleged error needs no further comment.

Likewise, it was not error to refuse to admit statements made by the attorney of defendant out of court to bind the defendant. 1 R. C. L. 482; 2 R. C. L. 990; Jones on Evidence, § 257 et seq.

On the other hand, it was not error to admit a letter from Manuel tending to prove the deed. It was an admission against himself of the ancestor, the real person in interest. The reception of this evidence was harmless, moreover, as complainants, we find, did not make out a case.

The judgment must be

*Reversed.*

Justices del Toro, Aldrey and Hutchison concurred.

Mr. Chief Justice Hernández took no part in the decision of this case.